UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

               Plaintiff,

    -against-

COUNTY OF SUFFOLK,
SUFFOLK COUNTY DEPARTMENT
OF PARKS AND RECREATION, and
SUFFOLK COUNTY DEPARTMENT
OF PUBLIC WORKS,

               Defendants.
-----------------------------------------------------X

**COMPLAINT**

23-CV-4369

(      , J.)
(      , M.J.)

The United States of America, by authority of the Attorney General of the United States and through the undersigned counsel acting at the request of and on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action against Defendants County of Suffolk, New York; the Suffolk County Department of Parks and Recreation; and the Suffolk County Department of Public Works (collectively "Defendants") for ongoing or past operation of a large number of a large capacity cesspools ("LCC") and motor vehicle waste disposal wells ("MVWDW") in violation of the Safe Drinking Water Act ("SDWA" or the "Act"), 42 U.S.C. § 300f, *et seq*., and the regulations promulgated thereunder, 40 C.F.R. §§ 144.80 to 144.89. The relevant regulations required the closure of all large-capacity cesspools nationwide as of April 5, 2005, and all motor vehicle waste disposal wells on or before January 1, 2008. Large-capacity cesspools and motor vehicle waste disposal wells pose a serious risk to the public because they can contaminate

underground sources of drinking water. This action seeks injunctive relief and civil penalties for Defendants' violations of the SDWA and EPA's regulations.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to Section 1423(b) of the SDWA, 42 U.S.C. § 300h-2(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper in this judicial district under Section 1423(b) of the SDWA, 42 U.S.C. § 300h-2(b), 28 U.S.C. §§ 1391(b)(2) and (c)(2), and 1395, because Suffolk County is located, and a "substantial part" of the SDWA violations occurred, in this district.

## DEFENDANTS

4. Defendant County of Suffolk ("Suffolk County") is a "municipality" and a "person" within the meaning of Section 1401 of the SDWA, 42 U.S.C. § 300f(10), (12).

5. Defendant Suffolk County Department of Parks and Recreation ("Suffolk County Parks") is responsible for conserving, protecting, and enhancing the natural, ecological, historic, cultural, and recreational resources in its system. Suffolk County Parks is an administrative unit of Suffolk County and as such constitutes a "person" within the meaning of Section 1401 of the SDWA, 42 U.S.C. § 300f(12).

6. Defendant Suffolk County Department of Public Works ("Suffolk County DPW") is responsible for the construction, maintenance, and operation of all Suffolk County sewerage systems, buildings, and facilities. Suffolk County DPW is an administrative unit of Suffolk County and as such constitutes a "person" within the meaning of Section 1401 of the SDWA, 42 U.S.C. § 300f(12).

7. Suffolk County, Suffolk County Parks, and Suffolk County DPW own and/or operate 46 large-capacity cesspools ("LCC") and 2 motor vehicle waste disposal wells

("MVWDW"). These 46 LCCs and 2 MVWDWs are collectively referred to as "the Prohibited LCCs" and the "Prohibited MVWDWs," respectively.

## STATUTORY AND REGULATORY FRAMEWORK

**The Safe Drinking Water Act and the Underground Injection Control Program**

8. The SDWA, 42 U.S.C. §§ 300f-300j, was enacted by Congress in 1974 to protect public health by regulating the nation's public drinking water sources.

9. Many of the nation's public water systems rely on underground sources of water for their supply. Underground injection wells, including cesspools, pose a risk to the public because they can contaminate underground drinking water sources and the public water systems that use those sources.

10. Accordingly, Congress enacted Part C of the SDWA, 42 U.S.C. §§ 300h to 300h-8, which addresses the regulation of underground injection wells.

11. Section 1422(b) of the SDWA, 42 U.S.C. § 300h-1(b), provides for EPA to delegate primary enforcement responsibility over underground injection wells to a state, if the state submits to EPA an acceptable underground injection control ("UIC") program by the statutory deadline.

12. Section 1421 of the SDWA, 42 U.S.C. § 300h, requires EPA to promulgate regulations containing minimum requirements for state UIC programs. 42 U.S.C. §§ 300h(a) and (b).

13. As required by Section 1421 of the SDWA, EPA promulgated the Class V UIC regulations, which are found at 40 C.F.R. §§ 144.80 to 144.89.

14. Section 1422(c) of the SDWA, 42 U.S.C. § 300h-1(c), requires EPA to prescribe and implement the UIC program in a state if that state fails to submit to EPA an acceptable UIC program by the statutory deadline.

15. New York State failed to submit an acceptable UIC program to EPA by the statutory deadline and, therefore, EPA directly implements the UIC program, including the Class V UIC regulations, in New York. 40 C.F.R. § 144.83(a)(1).

16. The Class V UIC regulations cover various types of injection wells, including LCCs and MVWDWs.

17. Pursuant to 40 C.F.R. § 144.81(2), a "large capacity cesspool" includes multiple dwelling, community, or regional cesspools, or other devices that receive sanitary wastes, containing human excreta, which have an open bottom and sometimes perforated sides, and non-residential cesspools with the capacity to serve 20 or more persons a day.

18. Pursuant to 40 C.F.R. § 144.81(16), a "motor vehicle waste disposal well" includes wells that receive or have received fluids from vehicular repair or maintenance activities, such as an auto body repair shop, automotive repair shop, new and used car dealership, specialty repair shop (e.g., transmission and muffler repair shop), or any facility that does any vehicular repair work.

19. Pursuant to 40 C.F.R. §§ 144.82(b) and 144.88(a) and (b), owners and operators of "existing" (*i.e*, operational or under construction by April 5, 2000) LCCs and MVWDWs were required to close them by April 5, 2005, and January 1, 2008, respectively. ("Class V Rule").

**Enforcement of the SDWA**

20. Under Section 1423(a)(2) of the SDWA, 42 U.S.C. § 300h-2(a)(2), EPA is authorized to commence a civil action whenever any person violates any requirement of a UIC program that EPA directly implements.

21. Section 1423(b) of the SDWA, 42 U.S.C. § 300h-2(b), provides that the United States district court in which the civil action is brought has the jurisdiction to require compliance with any requirement of the UIC program and may enter such judgment as protection of public health may require.

22. Section 1423(b) of the SDWA, 42 U.S.C. § 300h-2(b), also provides that any person who violates any requirement of a UIC program shall be subject to a civil penalty.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

23. As of October 2019, Defendants owned and/or operated 46 LCCs in the State of New York, all of which were in existence as of April 5, 2005.

24. As of October 2019, Defendants owned and/or operated 2 MVWDWs in the State of New York, all of which were in existence as of January 1, 2008.

25. The Prohibited LCCs are used for the purpose of subsurface discharge of sanitary sewage flowing from Suffolk County Parks restrooms, visitor centers, recreational centers, and cultural centers.

26. The Prohibited LCCs are located on Suffolk County Parks' properties. A summary table of the Prohibited LCCs is attached hereto as Exhibit A and incorporated by reference herein.

27. The Prohibited MVWDWs are used for the purpose of subsurface discharge of motor vehicle waste.

5

28. The Prohibited MVWDWs are located on Suffolk County Parks' properties. A summary table of the Prohibited MVWDWs is attached hereto as Exhibit B and incorporated by reference herein.

29. The Prohibited LCCs and MVWDWs are above the Nassau/Suffolk County Aquifer, which supplies most of the drinking water for the population of Long Island.

30. Pursuant to Section 1424 of the SDWA, 42 U.S.C. § 300h-3(e), the Regional Administrator, EPA, Region II, has designated the Nassau/Suffolk County Aquifer as a Sole Source Aquifer, which, if contaminated, would create a significant hazard to public health. *See* 43 Fed. Reg. 26611 (1978).

31. Each of the Prohibited LCCs is a "large-capacity cesspool" as defined by 40 C.F.R. § 144.81(2). Defendants failed to close the Prohibited LCCs by April 5, 2005, as required by the Class V Rule.

32. Each of the Prohibited MVWDWs is a "motor vehicle waste disposal well" as defined by 40 C.F.R. § 144.81(16). Defendants failed to close the Prohibited MVWDWs on or before January 1, 2008, as required by the Class V Rule.

## CLAIM FOR RELIEF

33. The United States incorporates by reference paragraphs 1 through 32 as if fully set forth herein.

34. After April 5, 2005, Defendants owned and/or operated 46 large-capacity cesspools in New York that had not been closed in accordance with the Class V Rule. 40 C.F.R. §§ 144.82(b) and 144.88(a).

35. After January 1, 2008, Defendants owned and/or operated 2 motor vehicle waste disposal wells in New York that had not been closed in accordance with the Class V Rule. 40 C.F.R. §§ 144.82(b) and 144.88(b).

36. Each day of their failure to close each of the remaining 46 large-capacity cesspools and 2 motor vehicle waste disposal wells is a violation of Section 1423 of the SDWA for which Defendants are liable for civil penalties.

37. Pursuant to Section 1423(b) of the SDWA, 42 U.S.C. § 300h-2(b), Defendants are subject to injunctive relief for their violations of the Class V Rule.

**PRAYER FOR RELIEF**

WHEREFORE, the United States of America respectfully requests that this Court:

A. Order Defendants to immediately close their 46 remaining Prohibited LCCs and 2 Prohibited MVWDWs in accordance with the requirements of the Class V Rule.

B. Order that Defendants be assessed civil penalties pursuant to Section 1423 of the SDWA, 42 U.S.C. § 300h-2(b), as amended by the Civil Monetary Penalty Inflation Adjustment Rule per day for each violation of the SDWA.

C. Award the United States its costs and disbursements in this action; and

D. Grant such other relief as the Court deems just and proper.

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

BREON PEACE
United States Attorney
Eastern District of New York

Dated: Brooklyn, New York
        June 14, 2023

DEBORAH B. ZWANY
Assistant U.S. Attorney
271 Cadman Plaza East
Brooklyn, New York 11201
(718) 254-6010
deborah.zwany@usdoj.gov

Of Counsel:

LAUREN FISCHER
Assistant Regional Counsel
Water and General Law Branch
U.S. Environmental Protection Agency, Region 2
290 Broadway
New York, New York 10007